UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SWEPORTS, LTD., | ) | No. 12 B 14254 |
| | ) | |
| Alleged Debtor. | ) | Judge Goldgar |

## MEMORANDUM OPINION

Most requests for relief from the automatic stay come from a party wanting to take action against a debtor or against property of the bankruptcy estate. Debtors often resist these requests. This case presents the unusual picture of a *debtor* seeking relief from the stay to permit a civil action against it to go forward and the *plaintiff* in the action resisting stay relief. Sweports Ltd. ("Sweports"), an alleged debtor in an involuntary chapter 11 case, has moved for relief from the stay to permit a declaratory judgment action against it to proceed in the district court. Norwex USA, Inc. and Norwex Enviro Products, Inc. (collectively "Norwex"), plaintiffs in the action, object to the motion. For the reasons that follow, the motion will be denied.

### 1. Background

The following facts are drawn from the parties' papers, the court's docket, and the docket in the district court action. No facts are in dispute.

On April 9, 2012, three creditors filed an involuntary chapter 11 bankruptcy petition against Sweports. Sweports answered, opposing the petition. Discovery is proceeding, and to date no order for relief has been entered.

In December 2011, some months before the involuntary case began, Norwex filed an action against Sweports and another party in the U.S. District Court for the Northern District of

Texas. The complaint alleged that Norwex sold cleaning and personal care products, including microfiber cloths. The complaint further alleged that Sweports owned a patent on an "antimicrobial ultra-microfiber cloth" and in November 2011 had sent a cease-and-desist letter to Norwex asserting that Norwex was infringing on the patent. Norwex sought a declaratory judgment that it was not engaged in patent infringement and that the patent was invalid and unenforceable.

Sweports moved to have the action transferred to this district, and in March 2012, the Texas court granted the motion. The action is now pending in this district as *Norwex USA, Inc., et al. v. Sweports, Ltd., et al.*, No. 12 C 1933. Before Sweports could answer or otherwise plead to Norwex's complaint, however, the involuntary bankruptcy petition was filed, staying the action. *See* 11 U.S.C. § 362(a)(1) (stating that a petition filed under "section 303 of this title operates as a stay" of the "continuation . . . of a judicial . . . action . . . against the debtor that was . . . commenced before the commencement of the case under this title"); *see also 360 Elec., L.L.C. v. Gottrox, LLC*, No. 2:08-CV-00044-TJW, 2011 WL 3625579, at *1-2 (E.D. Tex. Aug. 17, 2011) (finding patent infringement action stayed); *In re Mahurkar Double Lumen Hemodialysis Catheter Patent Litig.*, 140 B.R. 969, 975-76 (N.D. Ill. 1992) (same).

Sweports now moves for relief from the stay to permit "all parties in interest" to pursue the Norwex action. (Sweports Mot. at 12).[1] Norwex opposes the motion, explaining that the

---

[1] Although Sweports asks for relief from the stay for "all parties in interest," section 362(a)(1) bars only Norwex's pursuit of its claims in the action and Sweports's defense of them. Section 362(a)(1) would not bar Sweports's own claims (the assertion of counterclaims, for example) because those claims would be claims *by* the debtor, not "*against* the debtor," 11 U.S.C. § 362(a)(1) (emphasis added); *see also Mahurkar*, 140 B.R. at 975-76, although those claims could (and probably should) be stayed anyway, *see, e.g., Gottrox*, 2011 WL 3625579, at *1-2; *E³ Biofuels-Mead, LLC v. QA3 Fin. Corp.*, 384 B.R. 580, 581-82 (D. Kan. 2008); *Mahurkar*, 140 B.R. at 975-77. Sweports has not yet asserted any claims of its own in the action.

current uncertainty surrounding Sweports and the bankruptcy case makes it improvident for the district court action to proceed.[2] Norwex offers two reasons to deny the Sweports motion: (1) a debtor is not a "party in interest" entitled to seek relief from the stay; and (2) even if a debtor can seek relief from the stay, an alleged debtor in an involuntary case has no right to do so during the "gap period" between the petition date and entry of an order for relief (or dismissal).

## 2. Discussion

The motion will be denied. Although Norwex is wrong to contend that a debtor can never obtain relief from the stay, a debtor cannot seek stay relief on behalf of an unwilling creditor, asserting that creditor's rights. And even if a debtor could assert the creditor's rights, Norwex is correct that an alleged debtor in an involuntary case cannot obtain relief from the stay, for the creditor or for itself, during the gap period.

Norwex's first point – that a debtor can never be the proper party to seek relief from the stay – is not well taken. As Norwex itself acknowledges, section 362(d) does not limit stay relief to "creditors." It says that "a party in interest" may seek relief from the stay. 11 U.S.C. § 362(d). The Code does not define "party in interest" for purposes of section 362(d). *In re Miller*, 366 F.3d 1255, 1261 (10th Cir. 2012). In a chapter 11 case, though, the term includes "the debtor," among others. 11 U.S.C. § 1109(b); *see* 3 *Collier on Bankruptcy* ¶ 362.07[2] at 362-105 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012). Whether a party is a party in interest under section 362(d), moreover, is determined, not by labels, but "on a case-by-case basis, with reference to the interest asserted and how that interest is affected by the automatic stay." *In re*

---

[2] Norwex observes: "Perhaps the underlying patent will be sold through this bankruptcy. Perhaps this Court will not enter the order for relief and [will] dismiss the bankruptcy. Perhaps none of these scenarios will come to fruition." (Norwex Resp. at 3).

*Rice*, 462 B.R. 651, 657 (B.A.P. 6th Cir. 2011) (internal quotation omitted). Since the stay will prevent even the debtor from proceeding in an action "against the debtor," 11 U.S.C. § 362(a); *see also Parker v. Bain*, 68 F.3d 1131, 1135-36 (9th Cir. 1995); *Farley v. Henson*, 2 F.3d 273, 275 (8th Cir. 1993), a debtor will necessarily be a "party in interest" entitled to seek relief from the stay in some instances.

In support of its position, Norwex relies on *Roslyn Savings Bank v. Comcoach Corp. (In re Comcoach Corp.)*, 698 F.2d 571 (2d Cir. 1983), in which the court commented that "notwithstanding the use of the term 'party in interest,' it is only creditors who may obtain relief from the automatic stay." *Id.* at 573. The court reached that conclusion by considering the "purposes" of the Bankruptcy Code, one of which is to distribute property to creditors, and by consulting "legislative history," a snippet of which suggested that "[c]reditors may obtain relief from the stay if their interests would be harmed by continuance of the stay." *Id.* at 573-74 (internal quotation omitted).

As an exercise in statutory interpretation, *Comcoach* leaves something to be desired. Unless the phrase "party in interest" was ambiguous, the court had no reason to consult legislative history or consider the Code's "purposes." *See United States v. LaFaive*, 618 F.3d 613, 616 (7th Cir. 2010) ("We only consider the legislative history if the statute contains an ambiguity that the text or structure of the statute cannot resolve."). The court never addressed the phrase's ambiguity or lack of it. (The phrase is admittedly broad, but breadth is not the same as ambiguity. *Pennsylvania Dept. of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998).) Nor did the court consider either that the Code might have purposes other than the distribution of property to creditors, *see After Six, Inc. v. Abraham Zion Corp. (In re After Six, Inc.)*, 167 B.R. 35, 41 (E.D. Pa. 1994) ("The policies and purposes underlying the Bankruptcy Code are many and varied."),

or that the legislative history cited said that "creditors" could obtain relief from the stay, not "only creditors." Had Congress wanted to limit standing under section 362(d) to creditors, it could have used the term "creditor." *See In re Golek*, 308 B.R. 332, 337 (Bankr. N.D. Ill. 2004) (noting that "[w]hen Congress wants to say something, it knows how to say it"). It did not.[3/]

*Comcoach* represents a "narrow view" of the term "party in interest," *In re Kronemyer*, 405 B.R. 915, 921 (B.A.P. 9th Cir. 2009); *see also In re Armenakis*, 406 B.R. 589, 619 (Bankr. S.D.N.Y. 2009), a view that has been criticized as resulting in "the anomalous situation in which a party is subject to the automatic stay but is unable to seek relief even when damage may result from its continuance." 3 *Collier on Bankruptcy*, supra, ¶ 362.07[2] at 362-105; *see also In re Schlupp*, No. 05-16879DWS, 2005 WL 2483209, at *3-4 (E.D. Pa. Sept. 2, 2005) (criticizing *Comcoach*).[4/] "The better practice" is to read "party in interest" as broadly as the language suggests, permitting any affected party to seek relief from the stay. 3 *Collier on Bankruptcy*, supra, ¶ 362.07[2] at 362-105. In some instances, that party will be the debtor.

But although a debtor may sometimes be able to seek relief from the stay to vindicate its own rights, a debtor has no ability to seek relief from the stay to vindicate the rights of others.

---

[3/] In other Code provisions too numerous to cite, Congress refers specifically to "creditors." *See, e.g.*, 11 U.S.C. § 101(10) (defining the term "creditor"); *id.* § 341(a) (stating that the U.S. Trustee must convene a meeting of "creditors"); *id.* § 501(a) (stating that a "creditor" may file a proof of claim); *id.* § 503(b)(3)(A)-(D) (allowing administrative expenses to a "creditor" who takes certain actions); *id.* § 553(a) (preserving the setoff rights of a "creditor"); § 702(a) (stating that a "creditor" may vote for a candidate for trustee in a trustee election); *id.* § 1301(a) (barring certain actions against a co-debtor by a "creditor").

[4/] Collier notes that "[l]ower courts in the Second Circuit have struggled with *Comcoach*, and have given [it] a narrow reading, tailored to its facts." 3 *Collier on Bankruptcy*, supra, ¶ 362.07[2] at 362-105 n.8. Several courts, including courts in the Second Circuit, have also cited the decision for the proposition that to obtain stay relief a party must be "either a debtor or a creditor." *See, e.g., In re St. Vincents Catholic Med. Ctrs. of N.Y.*, 429 B.R. 139, 149 (Bankr. S.D.N.Y. 2010); *see also Miller*, 666 F.3d at 1261; *In re Bushnell*, 469 B.R. 306, 309 (B.A.P. 8th Cir. 2012); *In re Mims*, 438 B.R. 52, 55 (Bankr. S.D.N.Y. 2010).

To obtain relief from the stay, a movant must have standing. *In re Wilhelm*, 407 B.R. 392, 398 (Bankr. D. Idaho 2009). Standing has two components, one constitutional, the other prudential. *Winkler v. Gates*, 481 F.3d 977, 979 (7th Cir. 2007). The prudential limitations on standing include "'the general prohibition on a litigant's raising another person's legal rights.'" *Id.* (quoting *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12 (2004)). As a general matter, a party "must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *see also MainStreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 746 (7th Cir. 2007) (finding action barred by the principle that "one cannot sue in a federal court to enforce someone else's legal rights").

Here, Sweports is moving to lift the stay, not merely to allow it to defend the Norwex action, but to allow Norwex to prosecute the action. The right to prosecute Norwex's action, however, and the right to have the stay lifted to permit the action's prosecution, are rights that belong to Norwex, not Sweports. Sweports is not entitled to obtain relief from the stay on Norwex's behalf to permit Norwex's prosecution of the action. *See Johns v. Steege (In re National Indus. Chem. Co.)*, No. 98 C 4081, 1998 WL 887065, at *4 (N.D. Ill. Dec. 11, 1998) (affirming decision that one party did not "have standing to modify the automatic stay on behalf of [another]" because "a litigant must assert his own legal rights and interests").[5] Only Norwex

---

[5] The "fundamental restriction" on third-party standing is subject to "limited exceptions," *Powers*, 499 U.S. at 411, so that standing to assert the rights of others will be permitted on "rare occasions," *Indemnified Capital Invs., S.A. v. R.J. O'Brien & Assocs., Inc.*, 12 F.3d 1406, 1409 (7th Cir. 1993). To have standing, a party must satisfy three criteria. First, the party must allege the same "injury in fact" sufficient for his own standing. *Powers*, 499 U.S. at 411. Second, he must allege a "close," *id.*, or "special," *Shanahan v. City of Chicago*, 82 F.3d 776, 780 (7th Cir. 1996), relationship with the third parties to ensure he will be an effective proponent of their interests, *Powers*, 499 U.S. at 413. And third, he must demonstrate some obstacle to the third parties' ability to vindicate their own rights. *Id.* at 411. Whether Sweports

can ask to have the stay lifted for its own benefit, and Norwex plainly wants the stay to remain in place.[6]

Finally, even if Sweports could seek relief from the stay for Norwex as well as for itself, it has no such ability as an alleged debtor during the gap period in an involuntary case. It is true, as Sweports argues, that section 303(f) of the Code permits an alleged debtor to continue to operate its business and to "use, acquire, or dispose of property" during the gap period. 11 U.S.C. § 303(f). But the filing of an involuntary case also creates a bankruptcy estate, just as the filing of a voluntary case does, *see id.* § 541(a), and an alleged debtor does not have the powers of a trustee under section 1107(a), *In re E.D. Wilkins Grain Co.*, 235 B.R. 647, 650 (Bankr. E.D. Cal. 1999) (holding that section 303(f) "does not invest the debtor with the powers of a trustee"); *see also In re Roxy Roller Rink Joint Venture*, 73 B.R. 521, 527 (Bankr. S.D.N.Y. 1987). An alleged debtor therefore has no authority "to bind the bankruptcy estate during the gap period" and no ability "to waive the protection afforded to property of the estate by the automatic stay." *Wilkins*, 235 B.R. at 650; *see also* 2 *Collier on Bankruptcy, supra,* ¶ 303.23 at 303-80.

This limit on an alleged debtor's powers is entirely consistent with the purpose of an involuntary case. Section 303 gives creditors the ability to force a debtor into bankruptcy "when they believe that a debtor may dissipate the estate through dishonesty or incompetence." Joseph Mullin, *Bridging the Gap: Defining the Debtor's Status during the Involuntary Gap Period*, 61 U. Chi. L. Rev. 1091, 1091 (1994). Allowing the alleged debtor to have the stay lifted would

---

can satisfy the first criterion is doubtful; Sweports plainly cannot satisfy the other two.

[6]    Although Sweports lacks standing to assert Norwex's rights, Sweports obviously has standing to assert its own right to have the stay modified to permit the defense of the Norwex action. But if the stay cannot be modified to permit Norwex to prosecute the action, it makes little sense to modify the stay to permit Sweports to defend it.

"frustrate the very purpose of arming creditors with the right to file an involuntary petition." *Wilkins*, 235 B.R. at 650. By placing estate property in jeopardy, "the administration of the estate by any future trustee would be effectively thwarted." *Id.*

Here, the disputed patent constitutes property of the Sweports bankruptcy estate. Section 303(f) permits Sweports to use that property and even dispose of it as if no involuntary case had been filed. But Sweports is not a debtor in possession with the powers of a trustee, and section 303(f) does not give Sweports the authority to have the stay lifted to place the patent at the mercy of challengers like Norwex. Even if Sweports somehow had standing to seek relief from the stay on Norwex's behalf, then, Sweports has no right to do so as an alleged debtor during the gap period in this involuntary case.

### 3. Conclusion

The motion of Sweports, Ltd. for relief from the automatic stay relating to the Norwex litigation is denied. A separate order will be entered consistent with this opinion.

Dated: August 15, 2012

                                           A. Benjamin Goldgar
                                           United States Bankruptcy Judge