# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12 B 14254 (ABG) |
| SWEPORTS, LTD., | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | **Hearing Date:** June 18, 2014 |
| | ) | **Hearing Time:** 9:30 a.m. |

## SUMMARY OF FINAL APPLICATION OF
## PIERRE BENOIT & ASSOCIATES, INC., FINANCIAL CONSULTANT
## TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | |
|---|---|
| Name of Applicant: | Pierre Benoit & Associates, Inc. ("PBAI") |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors ("Committee") |
| Date of Retention: | Effective June 21, 2013 by Order signed July 31, 2013 |
| Period for Which Compensation and Reimbursement is Sought: | November 7, 2013 through January 24, 2014 |
| Amount of Compensation Sought as Actual, Reasonable, and Necessary: | $95,058.75 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $1,659.38 |
| Type of Fee Application: | Final Fee Application |

This is PBAI's final application.

The following summarizes the prior application for compensation and reimbursement of expenses filed in this case by PBAI:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed (Fees and Expenses) |
|---|---|---|---|
| 2/13/2014 | 6/21/2013 – 11/6/2013 | $72,129.06 | $72,129.06 |

The aggregate amount of fees and expenses paid to PBAI to date during the pendency of this bankruptcy case for services rendered and expenses incurred herein is $ 0.

Dated:   May 28, 2014

By:   /s/ *Dean C. Gramlich*
Neal L. Wolf (ARDC No.6186361)
Dean C. Gramlich (ARDC No. 6191587)
Jacob R. Lenzke (ARDC No. 6293218)
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Main:   (312) 521-2000
Fax:    (312) 521-2100
Email:  nwolf@muchshelist.com
        dgramlich@muchshelist.com
        jlenzke@muchshelist.com

*Attorneys for the Official Committee of Unsecured Creditors filing and submitting this Final Application on behalf of Pierre Benoit & Associates, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12 B 14254 (ABG) |
| SWEPORTS, LTD., | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | Hearing Date:   June 18, 2014 |
| | ) | Hearing Time:   9:30 a.m. |

FINAL APPLICATION OF
PIERRE BENOIT & ASSOCIATES, INC., FINANCIAL CONSULTANT
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

Pierre Benoit & Associates, Inc. ("PBAI"), as financial consultant to the Official Committee of Unsecured Creditors in the above-captioned case, hereby submits its final application seeking allowance of compensation for fees incurred and reimbursement for out-of-pocket expenses (the "Final Application") for the period covering June 21, 2013 through January 24, 2014 (the "Final Application Period").

By this Final Application, PBAI seeks approval and allowance of fees in the amount of $95,058.75 and reimbursement of expenses in the amount of $1,659.38, for a total of $96,718.13 for the Final Application Period. PBAI further requests that the Court direct the Debtor to pay to PBAI all fee and expenses approved hereunder in accordance with any order approving this Final Application.

## BACKGROUND

In support of its Final Application, PBAI respectfully represents as follows:

1.  On April 9, 2012, Michael Moody, Michael O'Rourke and John Dore (collectively, the "Petitioning Creditors"), with Neal Wolf acting as their counsel, filed an

involuntary petition against Sweports, Ltd. ("Debtor") in this Court under chapter 11 of the Bankruptcy Code.

2.    On November 19, 2012, after considerable litigation over whether an order for relief should be entered against the Debtor, the Debtor filed a motion consenting to such entry (Docket No. 82).  The Court signed the order for relief on November 21, 2012 and it was subsequently entered on the docket on November 26, 2012 (Docket No. 89).  Prior to the dismissal of the case, the Debtor was a debtor in possession and remained in control of its assets.  The Court did not appoint an examiner or trustee in this case.

3.    On March 26, 2014, the Court filed its Order Denying Confirmation of Plan and Statement (Docket No. 752) (the "Opinion").  The Opinion denied confirmation of both the Third Modified and Second Amended Plan of the Debtor (with its seven prior versions, the "Debtor Plan") and the Modified First Amended Plan of the Committee (with its two prior versions, the "Committee Plan").  The Opinion further observed that any plan confirmation appeared unlikely in the case and invited the Office of the United States Trustee ("U.S. Trustee") to file a motion seeking dismissal or conversion.

4.    On April 8, 2014, the U.S. Trustee filed its Motion to Convert or, in the Alternative, to Dismiss Chapter 11 Case and for Other Relief (Docket No. 763) ("Motion to Convert/Dismiss").  The U.S. Trustee set the hearing on the Motion to Convert/Dismiss for April 30, 2014.

5.    On April 30, 2014, the Court entered its Order Dismissing Chapter 11 Case (Docket No. 772).

## OVERVIEW

6.      Further details concerning this Chapter 11 case are set forth in the Final and Second Application of Neal Wolf, Counsel for the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses filed on May 23, 2014 (Docket No. 788). In an effort to avoid duplication, those details and the related discussion of the case are incorporated herein by reference.

## RETENTION OF PBAI

7.      On December 12, 2012, the U.S. Trustee appointed the Committee. The five-member Committee consists of the three Petitioning Creditors, Lee N. Abrams and Perkaus & Farley, LLC (represented by John Perkaus, a principal of the firm). The Committee asked Neal Wolf to act as counsel to the Committee. On January 14, 2013, the Committee filed an application with this Court seeking to retain Mr. Wolf's law firm, Neal Wolf & Associates ("NW&A"), as Committee counsel in this bankruptcy case (Docket No. 119).

8.      On March 13, 2013, the Court entered an Order approving the retention of Mr. Wolf individually, as counsel to the Committee, over the objections of the Debtor and several other parties. *See* Docket. No. 194.

9.      On July 10, 2013, the Committee filed an application for authorization to retain PBAI as financial consultant to the Committee (Docket No. 335).

10.     On July 31, 2013, the Court approved the retention of PBAI, as financial consultant to the Committee, pursuant to an Order Granting Application of the Official Committee of Unsecured Creditors to Retain and Employ Pierre Benoit & Associates, Inc. as Financial Consultant *Nunc Pro Tunc* to June 21, 2013 (Docket No. 361).

11. On February 13, 2014, PBAI filed its first interim application for the period June 21, 2013 through November 6, 2013 (the "First Application") (Docket No. 706).

12. On March 12, 2014, the Court entered an order granting PBAI's First Application in full (Docket No. 740). The Court granted to PBAI interim approval of $71,730 in fees and reimbursement of $399.06 in expenses. This Final Application seeks final approval of those fees and expenses. In addition, this Final Application seeks approval of $23,328.75 in fees and reimbursement of $1,260.32 for the period November 13, 2013 through January 24, 2014 ("Second Period").

**JURISDICTIONAL AND STATUTORY BASIS FOR THIS APPLICATION**

13. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. The venue of this case and this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

14. PBAI makes this Final Application pursuant to Bankruptcy Code §§ 330(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), Rule 5082-1 of the Local Bankruptcy Rules, effective as of January 1, 2012 (the "Local Bankruptcy Rules"), and certain applicable provisions of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58 (the "Guidelines")).

15. As noted above, the Court dismissed this case on April 30, 2014. This does not mean, however, that this Court lacks jurisdiction to consider this Final Application. The great majority of courts who have addressed the issue have held that a bankruptcy court, notwithstanding dismissal, continues to have subject matter jurisdiction to consider and rule on final fee and expense applications submitted by professionals retained in the case under

Bankruptcy Code §§ 327 or 1103.[1] "The bankruptcy court retains jurisdiction over fee applications after a case has been dismissed …." *In re Parklex Assocs., Inc.* 435 B.R. 195, 208 (Bankr. S.D.N.Y. 2010) (citing similar determinations by the Ninth Circuit in *In re Elias*, 188 F.3d 1160, 1164 (1999) (Fernandez, J., concurring and dissenting) and several bankruptcy court holdings); *see also In re 5900 Assocs., L.L.C.,* 326 B.R. 402, 410 (E.D. Mich. 2005) ( the bankruptcy court has an "'inescapable duty'" to determine the reasonableness of attorneys' fee awards even if the dismissal order did not reserve jurisdiction over attorneys' fees, quoting *In re Lowe,* 97 B.R. 547, 548-49 (Bankr. W.D. Mo. 1987)); *In re Jemps*, 330 B.R. 258, 261-62 (Bankr. Wyo. 2005) (notwithstanding debtor's stated intention to seek dismissal of the case immediately after bankruptcy court's determination of a fee dispute, bankruptcy court still had jurisdiction to determine dispute over reasonableness of secured lender fees under Bankruptcy Code § 506(b)); *In re Quaker Distributors, Inc.,* 189 B.R. 63, 68 (Bankr. E.D. Pa. 1995) (dismissal of chapter 11 case did not preclude bankruptcy court from hearing dispute over who had priority over retainer paid to debtor).

16.     It is true that some cases, *e.g., In re Mandalay Shores Cooperative Housing Ass'n,* 60 B.R. 22 (Bankr. M.D. Fla. 1986), rely on whether the bankruptcy court's dismissal order expressly reserves jurisdiction over professional fee matters.  However, in the Opinion at pp. 23-24, this Court makes clear its own view that a bankruptcy court cannot create subject matter jurisdiction by means of a plan provision when it does not independently exist under the standards set forth in 28 U.S.C. § 1334.  It follows that the lack of any reservation of jurisdiction in the Court's Order dismissing this case does not have any effect on whether the Court does or

---

[1] The bankruptcy court clearly had subject matter jurisdiction over professional fee matters prior to dismissal because professional fee applications are administrative matters arising in a bankruptcy case.  *See* 28 U.S.C. §§ 1334(b) (district courts have original but not exclusive jurisdiction over all matters "arising in … cases under title 11) and 157(b)(2) (core proceedings include matters concerning administration of the estate).

does not have subject matter jurisdiction to hear and determine this Final Application. However, this Court does have subject matter jurisdiction. It had such jurisdiction prior to the dismissal, and the dismissal does not divest this Court of jurisdiction over determining professional fee matters to the extent the fees and related expenses were incurred prior to the dismissal.

## EXHIBITS TO APPLICATION

17. To assist the Court, the Debtor, the U.S. Trustee and the various parties in interest in analyzing PBAI's fees and expenses during the Final Application Period and as otherwise required, PBAI has attached the following exhibits:

a. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(e), **Exhibit A** hereto is a timekeeper summary showing the hourly rate of each professional for whom compensation is requested, with the total number of hours expended and total compensation requested for each such professional during the Final Application Period. Exhibit A covers billing by PBAI from its retention in June 2013 through January 24, 2014, the last date PBAI provided services to the Committee.

b. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(a), **Exhibit B** hereto is a summary list showing all activity categories into which PBAI organized its work, the hours worked and total fees in each such category. Exhibit B shows this information the entire Final Application Period. A separate breakout of this information for the period June 21, 2013 through November 6, 2013 Period is reflected in the exhibits to the First Application.

c. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(d), **Exhibit C** hereto is a summary showing each professional who performed work in a given activity category, the hours worked in each activity category by each such

professional and the total compensation requested by that professional in each activity category. As was true of Exhibit B, Exhibit C shows this information for the Final Application Period only.

  d.  In accordance with Local Bankruptcy Rule 5082-1(B)(1)(b) and (C), **Group Exhibit D** consists of PBAI's time records for the Second Period (November 13, 2013 through January 24, 2014). There are separate time logs for Mr. Benoit and his assistant, Mr. Swallow. Group Exhibit D describes in detail each activity performed by Messrs. Benoit and Swallow divided by activity category and showing (i) the date the work was performed; (ii) the name of the professional performing the work; (iii) a brief statement showing the nature of the work and (iv) the time expended on the work in tenth of an hour increments. The same level of detail is provided in Exhibit D to the First Application for the period June 21, 2013 through November 6, 2013

In addition to the foregoing Exhibits, **Exhibit E** hereto is the Declaration of Pierre Benoit in support of the Final Application. PBAI has also submitted a proposed form of order approving the Final Application.

## NARRATIVE OF SERVICES RENDERED

  18.  In accordance with Local Bankruptcy Rule 5082-1(B)(1), the principal activity categories performed by PBAI on behalf of the Committee during the Second Period (November 13, 2013 through January 24, 2014) generally have been organized according to the subject matter involved and a narrative generally describing the work done during this

period is also provided.[2] The principal activity categories are more particularly described as follows:

    A.    <u>Review and Analysis (Code A)</u>

        Fees: $8,677.50 – Total Hours: 25.90

This activity category pertains to the review and analysis of the case and all work that does not fit within more specific activity categories. Mr. Benoit reviewed various emails and documents in preparation for the deposition scheduled by the Debtors, including the dozens of exhibits tendered by the Debtor shortly before the deposition. Mr. Benoit also reviewed and analyzed various documents in preparation for his trial testimony, including the objections filed by the Debtors and the Committee to the competing plans, the various new Debtor Plans filed shortly before or during the confirmation hearing, updated claims information and updated financial information regarding the Debtor and UMF. Mr. Swallow reviewed and analyzed the new debtor plans, related objections and other relevant information.

    B.    <u>Research (Code B)</u>

        Fees: $825.00 – Total Hours: 2.20

Mr. Benoit conducted research on the form of possible sales transactions for the assets of Sweports and additional research related to his testimony at the confirmation hearing on January 22 and 23, 2014.

    C.    <u>Financial Analysis and Modeling (Code D)</u>

        Fees: $7,605.00 – Total Hours: 28.80

This activity category includes work performed by PBAI in connection with its analysis of the financial provisions and feasibility of the Debtor and Committee Plans. In addition to communication with NW&A on various issues, Mr. Benoit and his assistant Jim

---

[2] PBAI summarized its activities for the period June 21, 2013 through November 6, 2013 in its First Application.

Swallow analyzed the latest claims information and various charts prepared by Committee counsel. Messrs. Benoit and Swallow also prepared an updated table comparing certain of the UMF revenue and income projections and projections of litigation recoveries and also reflecting updated claims information.

    D.    <u>Information Requests (Code E)</u>

        Fees: $450.00 – Total Hours: 1.20

Mr. Benoit communicated with Committee counsel regarding the Debtor's request that PBAI produce thousands of pages of the Debtor's and UMF's financial information. He also discussed the Committee's draft exhibit list with Committee counsel.

    E.    <u>Case Administration (Code F)</u>

        Fees: $1,646.25 – Total Hours: 4.45

During the Application Period, Mr. Benoit communicated with counsel for the Committee regarding his deposition, and also assisted in organizing his telephonic deposition, which occurred at his home in Tucson, Arizona. Mr. Benoit also communicated with Committee counsel on various issues relating to his deposition and testimony, and organized materials for his deposition.

    F.    <u>Testimony (Code G)</u>

        Fees: $3,000.00 – Total Hours: 8.00

This activity category covers Mr. Benoit's deposition testimony on December 9, 2013 and his trial testimony on January 22 and 23, 2014.

    G.    <u>Travel (Code H)</u>

    Fees: $1,125.00 – Total Hours: 3.00

This activity category covers Mr. Benoit's time traveling to Chicago from Phoenix and the return trip. PBAI has agreed to only charge fifty percent of its time for this category.

    19.    PBAI has staffed its representation at all times to avoid duplication of effort. PBAI has provided high quality services on a variety of financial issues at rates which favorably compare with those of other firms of similar experience and ability.

## DESCRIPTION OF EXPENSES INCURRED

    20.    PBAI seeks reimbursement of its actual and necessary expenses incurred in rendering services during the Final Application Period. PBAI incurred $399.06 in UPS expenses during the period covered by the First Application. PBAI seeks reimbursement of the following additional expenses incurred during the Second Period:

| Description | Amount |
|---|---|
| Airfare | $1,056.00 |
| Local transportation (Chicago) | $91.35 |
| Meals (Out of Town – Chicago) | $37.97 |
| Parking (Phoenix Airport) | $75.00 |

    21.    PBAI's Final Application is submitted under the standards set forth in Bankruptcy Code § 330, which provides, in part, that:

> "the court may award to … a professional person employed under section 327 or 1103 … reasonable compensation for actual, necessary services rendered by the … professional person … and by any paraprofessional person employed by any such person; and reimbursement for actual, necessary expenses."

PBAI has reviewed its time entries closely for any time it deemed excessive, duplicative, or not reflective of value to the case and reduced its fees accordingly. PBAI has provided high

quality services to the Committee.  The rates charged by PBAI are reasonable and commensurate with or below that of the billing rates of other financial consultants with similar levels of experience

### NOTICE; NO SHARING OF COMPENSATION

22. PBAI has served this Final Application, any exhibits thereto, and notice thereof, on: (a) counsel to the Debtor; (b) the U.S. Trustee; and (c) any persons who have formally appeared and requested electronic service in this case pursuant to Bankruptcy Rule 2002 (to the extent not included in the above categories).  All other persons, including the Debtor's creditors as reflected in the Schedule F previously filed by the Debtor's counsel on November 28, 2012, were served by United States mail with a separate notice of this Application and the related hearing date.  The notice contains instructions on obtaining a copy of the entire Final Application at no additional charge.  PBAI submits that no other or further notice need be given under the circumstances.

23. All of the services for which PBAI requests compensation were rendered solely at the request of the Committee and not on behalf of any other person or entity.

24. No prior application for the relief requested herein has been made by PBAI to this or any other Court.

25. In connection with the compensation and expenses sought herein, PBAI has not received or been promised any compensation for services rendered or to be rendered in any capacity in connection with this case other than as set forth herein.

26. No agreement or understanding exists between PBAI and any third party for the sharing of compensation.

**WHEREFORE**, PBAI respectfully requests that the Court enter an Order:

a. Allowing on a final basis compensation in the amount of $95,058.75 for services rendered during the Application Period;

b. Allowing on a final basis reimbursement of expenses incurred during the Application Period in the amount of $1,659.38;

c. Ordering the Debtor to pay to PBAI the fees and expenses approved by the Court; and

d. Granting such other and further relief as the Court deems appropriate.

Dated: May 28, 2014

Respectfully submitted,

By: ___/s/ *Dean C. Gramlich*___
  Neal L. Wolf (ARDC No.6186361)
  Dean C. Gramlich (ARDC No. 6191587)
  Jacob R. Lenzke (ARDC No. 6293218)
  MUCH SHELIST, P.C.
  191 North Wacker Drive, Suite 1800
  Chicago, Illinois 60606
  Main:  (312) 521-2000
  Fax:  (312) 521-2100
  Email:  nwolf@muchshelist.com
     dgramlich@muchshelist.com
     jlenzke@muchshelist.com

  *Attorneys for the Official Committee of Unsecured Creditors filing and submitting this Final Application on behalf of Pierre Benoit & Associates, Inc.*