**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12 B 14254 (ABG) |
| SWEPORTS, LTD., | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | **Hearing Date:**  July 15, 2015 |
| | ) | **Hearing Time:**  10:00 a.m. |

**SUMMARY OF FIRST AMENDED FINAL APPLICATION OF
PIERRE BENOIT & ASSOCIATES, INC., FINANCIAL CONSULTANT
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

| | |
|---|---|
| Name of Applicant: | Pierre Benoit & Associates, Inc. ("PBAI") |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors ("Committee") |
| Date of Retention: | Effective June 21, 2013 by Order signed July 31, 2013 |
| Periods for Which Allowance of Compensation and Reimbursement of Expenses is Sought: | ***First Sub-period:***<br>June 21, 2013 through November 6, 2013 (Interim Allowance Previously Granted)<br>***Second Sub-period:***<br>November 13, 2013 through January 24, 2014, and<br>***Third Sub-period:***<br>May 16, 2014 through January 27, 2015<br>***Fourth Sub-period:***<br>June 10, 2013 through June 20, 2013 |
| Amount of Compensation and Expenses Sought: | ***First Sub-period:***<br>$71,730.00 (Comp.); $399.06 (Exp.)<br>***Second Sub-period:***<br>$23,328.75 (Comp.); $1,260.32 (Exp.)<br>***Third Sub-period:***<br>$2,812.50 (Comp.); $0.00 (Exp.)<br>***Fourth Sub-period:***<br>$11,835.00 (Comp.)<br><br>**Total:**<br>$111,365.63(Comp.); $1,659.38 (Exp.) |

5476162_2

This is the Applicant's First Amended Final Application of Pierre Benoit & Associates, Inc., Financial Consultant to the Official Committee of Unsecured Creditors, for Allowance of Compensation and Reimbursement of Expenses ("First Amended Final Application"). PBAI was formally employed as financial consultant to the Committee effective as of June 21, 2013 by order entered on July 31, 2013 (Docket No. 361). On February 13, 2014, PBAI filed an application for interim allowance of compensation and reimbursement of expenses ("February 2014 Interim Application") for the period from June 21, 2013 through November 6, 2013 ("First Sub-period"). On March 12, 2014, the Court entered an order allowing the interim application (Docket No. 740). The aggregate amount of the interim application that was allowed was $72,129.06. To date, the full amount of $72,129.06 is still due and owing to PBAI.

The following chart summarizes the prior application for compensation and reimbursement of expenses filed in this case by PBAI:

| Date Filed | Period Covered | Total Requested (Fees and Expenses) | Total Allowed (Fees and Expenses) |
| --- | --- | --- | --- |
| 2/13/2014 | 6/21/2013 – 11/6/2013 | $72,129.06 | $72,129.06 |

On May 28, 2014, PBAI filed an application (then designated by PBAI as a "final" application) for allowance of compensation and reimbursement of expenses ("May 2014 Application") for the period from November 13, 2013 through January 24, 2014 ("Second Sub-period"). On June 18, 2014, the Court denied the May 2014 Application on jurisdictional grounds. On January 9, 2015, the United States Court of Appeals for the Seventh Circuit entered a Final Judgment reversing the Bankruptcy Court's denial of the May 2014 Application and remanding to the Bankruptcy Court for consideration of PBAI's fee application.

2

Dated:  March 9, 2015                              Respectfully submitted,


                                                   By:   /s/ *Neal L. Wolf*
                                                        Neal L. Wolf (ARDC No.6186361)
                                                        MUCH SHELIST, P.C.
                                                        191 North Wacker Drive, Suite 1800
                                                        Chicago, Illinois 60606
                                                        Main:  (312) 521-2000
                                                        Fax:   (312) 521-2100
                                                        Email: nwolf@muchshelist.com

                                                        *Attorneys for the Official Committee of
                                                        Unsecured Creditors filing and submitting this
                                                        First Amended Final Application on behalf of
                                                        Pierre Benoit & Associates, Inc.*

3

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | Case No. 12 B 14254 (ABG) |
| SWEPORTS, LTD., | ) | |
| | ) | Hon. A. Benjamin Goldgar |
| | ) | |
| Debtor. | ) | **Hearing Date:    July 15, 2015** |
| | ) | **Hearing Time:    10:00 a.m.** |

**APPLICATION FOR ORDER AMENDING ORDER EMPLOYING PIERRE BENOIT &
ASSOCIATES, INC. and FIRST AMENDED FINAL APPLICATION OF
PIERRE BENOIT & ASSOCIATES, INC., FINANCIAL CONSULTANT
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**

Pierre Benoit & Associates, Inc. ("PBAI"), as financial consultant to the Official Committee of Unsecured Creditors in the above-captioned case, respectfully requests that the Court enter an order (1) amending the July 31, 2013 order employing PBAI to provide that the effective date of PBAI's employment ("PBAI Employment Order) is June 10, 2013, rather than June 21, 2013, (2) allowing PBAI final compensation in the amount of $97,871.25 and reimbursement of expenses in the amount of $1,659.38, which together aggregate $99,530.63, for the period from June 21, 2013 through January 27, 2015, (3) allowing PBAI final compensation in the amount of $11,835.00 for the period from June 10, 2013 through June 20, 2013, (4) entering a final judgment in favor of PBAI and against Sweports in the amount of such allowed compensation and reimbursement of expenses, and (4) granting such other relief as is just and proper.

By this First Amended Final Application, PBAI seeks approval and allowance of fees for services rendered by PBAI in connection with (1) Sweports' chapter 11 case and (2) the successful appeal to the United States Court of Appeals for the Seventh Circuit from this Court's

June 18, 2014 order denying the May 2014 Application. In this First Amended Final Application, PBAI requests that the full allowed amount of compensation and reimbursement of expenses be incorporated into a single order and judgment that may be enforced in accordance with applicable and appropriate law.

This First Amended Final Application covers the period from June 10, 2013, through January 27, 2015, a period of more than 19 months ("Full Application Period"). The Full Application Period can be divided into four sub-periods.

*The First Sub-period.* The First Sub-period was the period from June 21, 2013 through November 6, 2013. This sub-period was the subject of the February 2014 Interim Application. A true and correct copy of the February 2014 Interim Application is attached hereto as **Exhibit A**, and is incorporated herein by reference. On March 12, 2014, the Court entered an interim order allowing compensation and reimbursement of expenses in the aggregate amount of $72,129.06 for the First Sub-period. The full allowed amount is still due and owing to PBAI.

*The Second Sub-period.* The Second Sub-period was the period from November 13, 2013 through January 24, 2014. This sub-period was the subject of the May 2014 Application, which was filed on May 28, 2014, and which this Court denied on jurisdictional grounds. A true and correct copy of the May 2014 Application is attached hereto as **Exhibit B**, and is incorporated herein by reference.

*The Third Sub-period.* The Third Sub-period, which has not been the subject of any prior applications for allowance of compensation and reimbursement of expenses, covers the period from May 6, 2014 through January 27, 2015. Services rendered for the third sub-period were exclusively related to the preparation of the May 2014 Application and the successful

2

appeal to the United States Court of Appeals for the Seventh Circuit from this Court's June 18, 2014 order denying the May 2014 Application.

***The Fourth Sub-period***.  The Fourth Sub-period is the subject of PBAI's application for an order amending the PBAI Employment Order.  The Fourth Sub-period covers the brief period between June 10, 2013 and June 20, 2013.  On July 10, 2013, when the Committee filed its application for an order authorizing the employment of PBAI *nunc pro tunc* to June 21, 2013, it erroneously believed that PBAI had commenced work on June 21, 2013.  When Pierre Benoit signed and filed his Declaration in support of the employment application, he did not identify the error.  It was an innocent, unintended mistake by all.  Fees sought for the Fourth Sub-period equal $11,835.00.  A detailed description of the work performed by PBAI during the Fourth Sub-period is provided as part of the February 2014 Interim Application, which is attached hereto as Exhibit A

The following is a summary of the amounts sought, and any and all amounts previously allowed, for the applicable periods:

| Sub-Period | Compensation Sought | Expenses Sought | Total Amount of Compensation and Expenses Allowed to Date | Total Amount Paid to Date |
|---|---|---|---|---|
| *First Sub-period* June 21, 2013 through November 6, 2013 | $71,730.00 | $399.06 | $72,129.06 | $0.00 |
| *Second Sub-period* November 13, 2013 through January 24, 2014 | $23,328.75 | $1,260.32 | | |
| *Third Sub-period* May 6, 2014 through January 27, 2015 | $2,812.50 | $0.00 | | |
| *Fourth Sub-period* June 10, 2013 through June 20, 2013 | $11,835 | $0.00 | | |
| **Total Allowance Sought** | **$109,706.25** | **$1,659.38** | | |

3

To the extent that the application for allowance of compensation and reimbursement of expenses, and the collection of allowed compensation and expenses, require the expenditure of additional time and funds, PBAI reserves the right to file a supplemental application or supplemental applications for allowance of compensation and reimbursement of expenses.

## BACKGROUND

In support of its First Amended Final Application, PBAI respectfully represents as follows:

1. On April 9, 2012, Michael Moody, Michael O'Rourke and John Dore (collectively, the "Petitioning Creditors"), with Neal Wolf acting as their counsel, filed an involuntary petition against Sweports, Ltd. ("Debtor") in this Court under chapter 11 of the Bankruptcy Code.

2. On November 19, 2012, after opposing the entry of an order for relief for more than eight months, and engaging the Petitioning Creditors in costly litigation regarding the entry of an order for relief, the Debtor filed a motion consenting to the entry of an order for relief (Docket No. 82). The Court signed the order for relief on November 21, 2012 and it was subsequently entered on the docket on November 26, 2012 (Docket No. 89).

3. On December 12, 2012, the U.S. Trustee appointed the Committee. The five-member Committee consists of the three Petitioning Creditors, Lee N. Abrams and Perkaus & Farley, LLC (represented by John Perkaus, a principal of the firm).

4. On January 14, 2013, the Committee filed an application with this Court seeking to employ Neal L. Wolf's law firm, Neal Wolf & Associates, as Committee counsel in this bankruptcy case (Docket No. 119).

5. On March 13, 2013, the Court entered an Order approving the retention of Mr. Wolf individually, as counsel to the Committee. *See* Docket. No. 194.

6. On July 10, 2013, the Committee filed an application for authorization to employ PBAI as financial consultant to the Committee, *nunc pro tunc* to June 21, 2013 (Docket No. 335).

7. On July 10, 2013, when the Committee filed its application for an order authorizing the employment of PBAI *nunc pro tunc* to June 21, 2013, it erroneously believed that PBAI had commenced work on June 21, 2013. In actually, Mr. Benoit and his associate had commenced work on the case eleven days earlier, on June 10, 2013. When Pierre Benoit signed and filed his Declaration in support of the employment application, he did not identify the error. It was an innocent, unintended mistake by all. Fees sought for the Fourth Sub-period equal $11,835.00. A detailed description of the work performed by PBAI during the Fourth Sub-period is provided as part of the February 2014 Interim Application, which is attached hereto as Exhibit A, but for which PBAI has never previously sought compensation.

8. On July 31, 2013, the Court entered an order approving the employment of PBAI, as financial consultant to the Committee, pursuant to an Order Granting Application of the Official Committee of Unsecured Creditors to Retain and Employ Pierre Benoit & Associates, Inc. as Financial Consultant *Nunc Pro Tunc* to June 21, 2013 (Docket No. 361).

9. On February 13, 2014, PBAI filed the February 2014 Interim Application for the First Sub-period (Docket No. 706).

10. On March 12, 2014, the Court entered an order granting the February 2014 Interim Application in full (Docket No. 740).

5

11. On March 26, 2014, the Court filed its Order Denying Confirmation of Plan and Statement (Docket No. 752) (the "Opinion"). The Opinion denied confirmation of both the Third Modified and Second Amended Plan of the Debtor (with its seven prior versions, the "Debtor Plan") and the Modified First Amended Plan of the Committee (with its two prior versions, the "Committee Plan").

12. On April 8, 2014, the U.S. Trustee filed its Motion to Convert or, in the Alternative, to Dismiss Chapter 11 Case and for Other Relief (Docket No. 763) ("Motion to Convert/Dismiss"). The U.S. Trustee set the hearing on the Motion to Convert/Dismiss for April 30, 2014.

13. On April 30, 2014, the Court entered its Order Dismissing Chapter 11 Case (Docket No. 772).

14. On May 28, 2014, PBAI filed the May 2014 Application (Docket No. 791) for services performed and expenses incurred during the period from November 13, 2013 through and including January 24, 2014.

15. On June 18, 2014, the Court entered an order denying the May 2014 Application on jurisdictional grounds (Docket No. 797).

16. On June 19, 2014, PBAI filed a notice of appeal to the United States District Court (Docket No. 800).

17. On June 19, 2014, the Court entered its Certification for Direct Appeal to Court of Appeals.

18. On July 21, 2014, Mr. Wolf filed Appellants' Petition for Permission to Prosecute Direct Appeal Pursuant to 28 U.S.C. § 158(d) with the United States Court of Appeals for the

6

Seventh Circuit (CoA Docket No. 11). The subject Petition was granted by Order of the Court of Appeals on August 8, 2014 (CoA Docket No. 16).

19. On January 9, 2015, the Court of Appeals entered a Final Judgment (CoA Docket no. 41) (the "Final Judgment") and Decision in favor of Appellants. The Final Judgment provided that: "the judgment of the Bankruptcy Court is REVERSED, with costs, and REMANDED, in accordance with the decision of this court entered on this date."

## STATUTORY AND OTHER LEGAL BASIS FOR RELIEF

20. The Court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157(b)(2) and 1334. The venue of this case and this Application is proper in accordance with 28 U.S.C. §§ 1408 and 1409.

21. PBAI files this First Amended Final Application pursuant to Bankruptcy Code §§ 330(a) and 331 of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedures, Rule 5082-1 of the Local Bankruptcy Rules, effective as of January 1, 2012, and certain applicable provisions of the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement Filed Under 11 U.S.C. § 330 (Appendix A to 28 C.F.R. § 58).

22. PBAI also files this First Amended Final Application pursuant to the January 9, 2015 Final Judgment and Decision of the United States Court of Appeals for the Seventh Circuit.

## EXHIBITS TO APPLICATION

23. To assist the Court, the Debtor, the U.S. Trustee and the various parties in interest in analyzing PBAI's fees and expenses, PBAI has attached the following exhibits:

7

  a. **Exhibit A** is the February 2014 Interim Application, which covers the First Sub-period (June 21, 2013 through November 6, 2013).  The invoices attached to Exhibit A also cover the Fourth Sub-period (June 10, 2013 to June 20, 2013).

  b. **Exhibit B** is the May 2014 Interim Application, which covers the Second Sub-period (November 13, 2013 through January 24, 2014).

  c. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(e), **Exhibit C** hereto is a timekeeper summary showing the hourly rate of each professional for whom compensation is requested, with the total number of hours expended and total compensation requested for each such professional. Exhibit C covers billing by PBAI from its retention in June 2013 through January 27, 2015, the last date PBAI provided services.

  d. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(a), **Exhibit D** hereto is a summary list showing all activity categories into which PBAI organized its work, the hours worked and total fees in each such category.  Exhibit D shows this information for the entire Final Application Period.  A separate breakout of this information for the First Sub-period and Second Sub-period are reflected in the exhibits to the respective applications.

  e. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(d), **Exhibit E** hereto is a summary showing each professional who performed work in a given activity category, the hours worked in each activity category by each such professional and the total compensation requested by that professional in each activity category.  As was true of Exhibit D, Exhibit E shows this information for the entire Final Application Period.  A separate breakout of this information for the First

8

Sub-period and Second Sub-period are reflected in the exhibits to the respective applications.

   f. In accordance with Local Bankruptcy Rule 5082-1(B)(1)(b) and (C), **Exhibit F** consists of PBAI's time records for the Third Sub-period (May 6, 2014 through January 27, 2015). Exhibit F describes in detail each activity performed by Messrs. Benoit and Swallow divided by activity category and showing (i) the date the work was performed; (ii) the name of the professional performing the work; (iii) a brief statement showing the nature of the work; and (iv) the time expended on the work in tenth of an hour increments. As was true of Exhibit E, Exhibit F shows this information for the entire Final Application Period. A separate breakout of this information for the First Sub-period and Second Sub-period are reflected in the exhibits to the respective applications.

In addition to the foregoing Exhibits, **Exhibit G** hereto is the Declaration of Pierre Benoit in support of PBAI's First Amended Final Application. PBAI has also submitted a proposed form of order approving the First Amended Final Application.

## NARRATIVE OF SERVICES RENDERED

24. For this First Amended Final Application, PBAI adopts and incorporates by reference the descriptions contained in the February 2014 Interim Application and the May 2014 Interim Application. These descriptions cover the work performed during the First and Second Sub-periods. Those applications also include detailed time entries for each and every component of work performed by Messrs. Benoit and Swallow.

25. During the Third Sub-period, the work performed by Mr. Benoit relates exclusively to the (1) May 2014 Interim Application and (2) the appeal from this Court's

9

June 18, 2014 order denying compensation and reimbursement of expenses on jurisdictional grounds.  Detailed time entries reflecting these services are contained in the attached **Exhibit F**.

### NOTICE; NO SHARING OF COMPENSATION

26.     PBAI has served this First Amended Final Application, any exhibits thereto, and notice thereof, on: (a) counsel to the Debtor; (b) the U.S. Trustee; and (c) any persons who have formally appeared and requested electronic service in this case pursuant to Bankruptcy Rule 2002 (to the extent not included in the above categories).  All other persons, including the Debtor's creditors as reflected in the Schedule F previously filed by the Debtor's counsel on November 28, 2012, were served by United States mail with a separate notice of this First Amended Final Application and the related hearing date.  The notice contains instructions on obtaining a copy of the entire First Amended Final Application at no additional charge.  PBAI submits that no other or further notice need be given under the circumstances.

27.     All of the services for which PBAI requests compensation were rendered solely at the request of the Committee and not on behalf of any other person or entity.

28.     No prior application for the relief requested herein has been made by PBAI to this or any other Court.

29.     In connection with the compensation and expenses sought herein, PBAI has not received or been promised any compensation for services rendered or to be rendered in any capacity in connection with this case other than as set forth herein.

30.     No agreement or understanding exists between PBAI and any third party for the sharing of compensation.

**WHEREFORE**, PBAI respectfully requests that the Court enter an Order:

(a) amending the July 31, 2013 order employing PBAI to provide that the effective date of PBAI's employment ("PBAI Employment Order") is June 10, 2013, rather than June 21, 2013, (b) allowing PBAI final compensation in the amount of $97,871.25 and reimbursement of expenses in the amount of $1,659.38, which together aggregate $99,530.63, for the period from June 21, 2013 through January 27, 2015, (c) allowing PBAI final compensation in the amount of $11,835.00 for the period from June 10, 2013 through June 20, 2013, (d) entering a final judgment in favor of PBAI and against Sweports in the amount of such allowed compensation and reimbursement of expenses, and (e) granting such other relief as is just and proper.

Dated: March 9, 2015

Respectfully submitted,

By: ___/s/ *Neal L.Wolf*___
Neal L. Wolf (ARDC No.6186361)
MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
Main: (312) 521-2000
Fax: (312) 521-2100
Email: nwolf@muchshelist.com

*Attorneys for the Official Committee of Unsecured Creditors filing and submitting this First Amended Final Application on behalf of Pierre Benoit & Associates, Inc.*